## Bell v. Preville.

1. Chattel Mortgages.

A proviso in a chattel mortgage covering a stock in trade that until default the mortgagor should retain and enjoy the property, selling and disposing of the same, renders the mortgage void as to creditors of the mortgagor.

2. Appellate Practice.

The validity of a chattel mortgage will not be considered on appeal when it appears from the bill of exceptions it was introduced, but the instrument was not set forth, nor any part of it; nor is there a statement concerning its purport or effect, as provided by section 392 of the code. It will be assumed that the disposition of the question by the trial court was correct.

*Appeal from the District Court of Clear Creek County.*

Messrs. Rogers, Cuthbert & Ellis, for appellant.

No appearance for appellee.

Thomson, J., delivered the opinion of the court.

This is an appeal from a judgment in replevin. The appellee, as plaintiff, brought his action to recover a number of gold and silver watches alleged to be wrongfully detained by the defendant. The defendant answered that he was in possession of the property by virtue of a writ of attachment levied upon it by him as sheriff of Clear Creek county, in a suit of Daniels & Fisher against Angelina Rapin, the owner

of the property, and that the claim of the plaintiff was based upon a chattel mortgage which was given to him in the course of trade, and provided that until default the mortgagor should retain and enjoy the property, selling and disposing of the same. The allegations of the answer were denied by the replication.

The argument of the appellant is that the mortgage, by reason of a proviso which it is said to contain, that until default the mortgagor might retain possession of the goods and use and enjoy them, is without validity as to creditors. It is settled in this state, by a series of decisions of the supreme court and this court, that such a proviso in a chattel mortgage covering a stock in trade, renders the mortgage void as to creditors of the mortgagor; but outside of the statement of counsel in their brief, and an allegation in the answer which was denied, we have no information whether the mortgage in question contained that proviso or not. It appears from the bill of exceptions that a chattel mortgage was introduced in evidence; but the instrument is not set forth, nor any part of it; nor is there any statement concerning its purport or effect, as provided by section 392 of the code. There being nothing in the record to impart to us a knowledge of the contents of the paper, it is impossible for us to pass upon the question discussed by counsel as affecting this case, and we must assume the correctness of its disposition by the trial court. As there is no other question involved, the judgment will be affirmed.

*Affirmed.*